WALTER L. THOMPSON, AS RECEIVER, ETC., RESPONDENT, *v.* NORTON A. HALBERT AND OTHERS, APPELLANTS.

*Pleadings — a defense may be pleaded whether it be an entire or a partial one — in an action for the conversion of a note, the fact that the maker may plead the statute of limitations as a defense to a recovery upon it, may be set up in reduction of damages.*

This action was brought by the plaintiff, as a receiver appointed in supplementary proceedings instituted upon a judgment recovered against one Margaret A. Frost, to recover damages for the conversion of a promissory note owned by her. The note, which was for the sum of $300, was made on March 1, 1871, by one Alcom, to become due in two years after its date, payment thereof being secured by a mortgage upon property owned by Alcom in the State of Kansas. The defendant alleged in its answer that the maker of the note resided, and still resides, in the State of Kansas, and that by the laws of that State an action for the recovery of the debt is required to be commenced within five years after the cause of action shall have accrued, and that more than five years have elapsed since the right of action accrued upon the note, and that the debt, together with the mortgage, have been barred by the statute of limitations.

*Held,* that it was error to sustain a demurrer interposed by the plaintiff to this portion of the answer.

That if the note should be proved to be without any value whatever, on account of the effect of the statute of limitations being a defense to an action upon it, then the answer contained a complete defense.

That if it should be shown or considered to be of some value, then the answer contained a partial defense.

FIRST DEPARTMENT, MAY TERM, 1886.

APPEAL from an interlocutory judgment, sustaining a demurrer to the defense contained in the seventh subdivision of the defendants' answer.

*Charles S. Simpkins,* for the appellants.

*Wayland E. Benjamin,* for the respondent.

DANIELS, J.:

This action is brought by the plaintiff, as receiver appointed in supplementary proceedings taken upon a judgment against Margaret A. Frost. It is alleged in the complaint, as one of the causes of action, that she was the owner of a note for the sum of $300, made by William H. Alcom and secured by a mortgage upon property owned by him at or near Fort Scott, in the State of Kansas. The note was made on the 1st of March, 1871, due in two years after its date. This note is alleged to have been in the possession of the defendants, and to have been converted by them. In the part of the answer to which the demurrer has been interposed it is alleged that the maker of the note resided, and still resides, in the State of Kansas, and that by the laws of that State an action for the recovery of the debt is required to be commenced within five years after the cause of action shall have accrued, and that more than five years have elapsed since the right of action accrued upon the note, and that the debt, together with the mortgage, has been barred by the statute of limitations. To this defense the plaintiff demurred upon the ground that it is not sufficient in law upon the face thereof.

No informality in the manner of the presentation of the defense by the answer is stated in the demurrer; neither could it be under section 508 of the Code of Civil Procedure, which has allowed a demurrer to a partial defense, if this is to be considered of that character, only when the answer is insufficient for that purpose. Under this section of the Code the point necessary to be decided for the disposition of the demurrer is whether the part of the answer demurred to is or is not sufficient as the statement of an entire or partial defense. And such a partial defense, it is declared, will consist of matter tending to mitigate or reduce the damages in an action for an injury to property, as this action is.

While it is true that the statute of limitations is a personal matter which the debtor in the demand could rely upon or not, at his

pleasure, the defendants are still at liberty to set forth, by way of answer, any facts which would tend to diminish the damages to be recovered. If the action can be maintained by the plaintiff, for the conversion of personal property, the law permits the plaintiff to recover no more than the value of the property which the defend-ant has converted, with interest upon that value. And to determine the extent of the recovery, whatever may have been done to diminish the value of the article may, under this section of the Code, be relied upon as a partial defense. And that a demand is liable to be defeated, in an action upon it against the debtor, by the interposition of the statute of limitations, is a fact which would tend very directly to reduce its value in an action against another person for its conversion. The right to present any matter having a legal tendency to diminish the damages in an action for the conversion of personal property was considered in *Booth* v. *Powers* (56 N. Y., 22). That was an action for the conversion of a promissory note, which it was proposed to be proved had been changed by striking out the words " the order of " and inserting the words " or bearer." That evidence was held to be admissible, because of its tendency to establish the fact that the note had been rendered valueless as a legal obligation by this change.

In that case it would have been as optional with the maker to defend an action for the recovery of the debt because of the altera-tion, as it would be in the present case because of the running of the statute of limitations. In neither would an action upon the note fail, if the maker for any cause neglected to rely upon the defense arising out of the facts. But the circumstance that a legal defense could be interposed to an action for the recovery of the debt would very materially tend to reduce its value as an article of property. And whatever proof may have that effect is under this authority admissible upon the trial of the action for the conversion of the note.

In *Outhouse* v. *Outhouse* (13 Hun, 130), the note had been willfully destroyed by the defendant, who was the maker, and for that misconduct it was held, whether rightly or not it is not neces-sary now to consider, that he had deprived himself of the right to interpose, by way of defense, the fact that the note was barred by the statute of limitations. The case proceeded upon the peculiar circumstances attending the acquisition and destruction of the note,

which the court considered to be sufficient to forfeit the right of the defendant to avail himself of the benefit of the statute. The defendants in this action are chargeable with no such misconduct. If they have converted the note at all, it has been done without any willful or intentional wrong on their part, and they are entitled to resort to any pertinent evidence within their power to reduce its value as an article of property.

The case of *Penobscot Railroad Company* v. *Mayo* (67 Me., 470) is entirely different from that presented by this appeal. For there the court held that the plaintiff might recover against the defendant in an action for money had and received, to which the statute of limitations was not considered to be a defense.

Neither will it follow, from the ability of the holder of the note to maintain an action upon it against the maker, in the courts of this State, that this evidence will be rendered nugatory upon the trial, for the debtor may never be within the jurisdiction of the courts of this State, or have property here, enabling any party having the right to do so, to maintain an action upon the note. That is a possibility only, and so far as it effects the demand will be a fact which the jury will consider in determining its value if the action itself should prove to be maintainable. For that purpose all evidence is admissible having a direct tendency either to prove that the note is of less value than its face or that it may in fact be a fully available demand. If the note shall be proved to be without any value whatever on account of the statute of limitations being a defense to an action upon it, then the answer contains a complete defense; while if it should be shown or considered to be of some value, then the answer contains a partial defense.

The allegations are clearly sufficient for one or the other of these objects, and the judgment sustaining the demurrer should be reversed, with costs, and a judgment ordered overruling the demurrer, with leave to the plaintiff to withdraw it on payment of the costs of the demurrer and of the appeal.

Brady, J., concurred.

Judgment reversed, with costs, and judgment ordered overruling demurrer, with leave to plaintiff to withdraw it on payment of costs of demurrer and of appeal.